HENRY F. MICHELL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 20492. Promulgated June 29, 1929.

*Andrew S. Wilson, Esq.*, for the petitioner.
*James L. Backstrom, Esq.*, for the respondent.

1298

ARUNDELL: The petitioner is contending that the sums credited to the personal drawing accounts of its principal stockholders at the close of the fiscal years ending June 30, 1917, and June 30, 1918, were not payments of dividends, as determined by respondent, but advances, and should be included in invested capital as accounts receivable.

Commencing in 1903 and yearly thereafter until subsequent to 1918, petitioner credited all of its profits to the personal drawing accounts of Henry F. Michell and Frederick J. Michell, on the basis of 60 per cent to the former and 40 per cent to the latter. The accounts were balanced at the close of every year. If the withdrawals during the year exceeded the credits, the debit balance was carried over into the next year, and if the credits exceeded the withdrawals, the balance was paid by petitioner. The amounts which it seeks to have included in invested capital were either actually withdrawn during or paid at the close of the year. There is no evidence of record to show that the stockholders regarded themselves as being

indebted to the corporation for the amounts in question. The sums were never carried on the corporate books as assets and the facts show that both the petitioner and the stockholders treated the credits as dividend payments.

The petitioner is asking us to hold as a matter of law that the amounts paid by it as dividends should be included in invested capital on the ground that the distribution ignored the rights of minority stockholders. Dividends may be paid on a basis other than stock holdings. See *Joseph Goodnow & Co.*, 5 B. T. A. 1154. The record does not disclose that the minority stockholders have ever objected to the manner in which the profits for the fiscal years ending in 1917 and 1918 were distributed, or that the petitioner has ever attempted or intends to recover all or any part of the dividends alleged to have been erroneously or illegally paid. No part of the amount in question represents earned surplus or undivided profits within the meaning of section 326 (a) (3) of the Revenue Act of 1921. It is evident that the sum can not be included in invested capital under any of the other provisions of section 326 (a). The respondent's action is sustained. See *Feist & Bachrach, Inc.*, 2 B. T. A. 1228, and *John Feist & Sons Co.*, 11 B. T. A. 138.

Petitioner is claiming the right to special assessment on the ground that the rent paid to its principal stockholders for the use of the premises located at 518 Market Street was less than a fair rental and that the salaries paid to the Michell brothers were inadequate. There has been no proof of a reasonable rental for the property or that the salaries paid to the stockholders were low for the services performed. From the evidence before us we are unable to say that the rent and salaries paid create such an abnormality as to justify special assessment. See *United Shoe Stores*, 2 B. T. A. 73, and *Chappelow Advertising Co.*, 13 B. T. A. 1090.

*Judgment will be entered for the respondent.*